No. 934 December 26, 2024 91

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of Q. C. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

D. J. G.,
*Appellant.*

Yamhill County Circuit Court
22JU05319; A184825

Cynthia L. Easterday, Judge.

Submitted November 8, 2024.

Shannon Storey, Chief Defender, Juvenile Appellate Section, Holly Telerant, Deputy Public Defender, and Sean Connor, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Reversed and remanded.

**LAGESEN, C. J.**

Father appeals the juvenile court's judgment changing the permanency plan for his child from reunification to adoption. In his second and third assignments of error, father argues that the juvenile court erred in ruling that his progress toward reunification with his son was insufficient, and in changing the permanency plan, because the juvenile court did so based on evidence of father's substance use, which was not a basis for jurisdiction over the child. The state concedes that the trial court erred by relying on evidence extrinsic to the jurisdictional bases. We accept the concession as well taken. We reverse and remand the permanency judgment.[1]

Recently, the Supreme Court addressed the appropriate standard of review when reviewing a juvenile court's determination about whether a parent has made sufficient progress for reunification:

> "*** [I]n reviewing a juvenile court's determination to change a permanency plan because a parent has not made 'sufficient progress' to allow a child to safely return home, appellate courts are bound by the juvenile court's factual findings as to what efforts [the Department of Human Services] has made and what actions the parent has taken, so long as there is any evidence in the record to support them, and we assume that the juvenile court found all facts necessary to its ruling, even if it did not do so explicitly. But the juvenile court's determination that a parent has or has not made 'sufficient progress' to allow the child to return home safely is a legal conclusion that appellate courts review for errors of law, and they do that by examining whether the facts explicitly and implicitly found by the juvenile court, together with all inferences reasonably drawn from those facts, were legally sufficient to support the juvenile court's determination."

*Dept. of Human Services v. Y. B.*, 372 Or 133, 151, 546 P3d 255 (2024) (footnote omitted). Similarly, "[w]hether a juvenile court erred by relying on facts extrinsic to a jurisdictional judgment is a legal question that we review for errors

---

[1] Because we reverse based on the second and third assignments of error, we do not address father's first assignment of error in which he challenges the juvenile court's determination that the Department of Human Services had made reasonable efforts. As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.

of law." *Dept. of Human Services v. T. L.*, 287 Or App 753, 755, 403 P3d 488 (2017) (internal quotation marks omitted).

In the instant case, father's child is autistic, nonverbal, he has very high needs and requires constant supervision. In July 2020, when the child was two years old, father pleaded guilty to second-degree assault against the child's mother, and he was sentenced to time in prison. In November 2022, while father was serving his term of incarceration, the child ingested methamphetamine and fentanyl and required emergency medical assistance. The Department of Human Services (DHS) filed a dependency petition. It alleged, among other things, that father's substance abuse interfered with his ability to safely parent the child. However, that basis for jurisdiction was dismissed. As to father, the jurisdictional judgment provides that the child is within its jurisdiction based on father's "untreated domestically violent behavior towards the mother" and his "incarceration and unavailability to be a custodial resource."

After his release from prison in June 2023, father met with DHS, and he engaged in services designed to help him learn how to care for his child's high needs. However, in the months leading up to the permanency hearing, father tested positive for methamphetamine 20 times, with his most recorded use occurring a month before the hearing. In June 2024, after hearing evidence and argument, the juvenile court determined that father had not made sufficient progress to allow the child to return home safely. However, in doing so, the court relied primarily on the evidence of father's methamphetamine use. But evidence of father's substance use was extrinsic to the listed jurisdictional bases. The juvenile court erred in ruling that father had not made sufficient progress and in changing the plan from reunification to adoption based on circumstances extrinsic to and not fairly implied by the jurisdictional judgment. *See T. L.*, 287 Or App at 767-68.

Reversed and remanded.